**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER,**<br><br>           Plaintiff,<br><br>v.<br><br>**MICHAEL TATER-ALEXANDER,**<br><br>           Defendant. | 1:11-cv-00487 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND. |

## I.   INTRODUCTION

Before the court is Plaintiff's motion to remand the case to Fresno County Superior Court. Doc. 6. Defendant opposes the motion. Doc. 14.

## II.   BACKGROUND

On March 18, 2011, Plaintiff filed a Complaint against Defendant in the Superior Court of California, County of Fresno. Doc. 1, Ex. A. The Complaint seeks a temporary restraining order and preliminary and permanent injunctions: (1) enjoining Defendant from engaging in certain conduct; and (2) preventing Defendant from remaining on Plaintiff's premises once Defendant has been discharged or has refused the care that can be provided to him, or if Defendant engages in prohibited conduct.

Defendant removed the case to federal court on March 22, 2011. Doc. 1. On March 28, 2011, Plaintiff filed a motion to remand (Doc. 6), which Defendant opposed (Doc. 14). Plaintiff

1

contends that remand is proper because the court does not have jurisdiction. Plaintiff applied for an order shortening the time for hearing of the motion (Doc. 8), which was granted in court on March 31, 2011 (Minute Order 12). The motion was heard on April 7, 2011.

### III. LEGAL STANDARD

28 U.S.C. § 1441(a) provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042.

To determine whether removal is proper based on "federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns (In re NOS Commc'ns)*, 495 F.3d

2

1052, 1057 (9th Cir. 2007)). More specifically, federal question jurisdiction exists "if a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955-956 (9th Cir. 2009) (quoting *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (internal quotation marks omitted).

"Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." *Ultramar Amer. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). "The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case." *U.S. v. Arcata*, 629 F.3d 986, 990 (9th Cir. 2010). Similarly, a counterclaim involving federal law does not provide a basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830, 122 S.Ct. 1889 (2002). There is an exception where plaintiff's federal claim has been disguised by "artful pleading," such as where the claim is exclusively governed by federal law or is a state claim preempted by federal

law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir.1987). However, the artful pleading exception is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (quoting *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984)).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). It is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (alterations in original).

## IV.   ANALYSIS

A. Jurisdiction

Plaintiff argues that the case should be remanded because the court does not have jurisdiction. Because Plaintiff is a California corporation with its principal office in Fresno and Defendant is a resident of Fresno, Plaintiff correctly asserts

4

that the court does not have diversity jurisdiction under 28 U.S.C. § 1332. At issue is whether the court has federal question jurisdiction under 28 U.S.C. § 1331.

Here, the Complaint seeks a temporary restraining order and preliminary and permanent injunctions: (1) enjoining Defendant from engaging in certain conduct, including: (i) using profanity against medical personnel; (ii) refusing to be examined; (iii) refusing to have his vital signs taken; (iv) interrupting medical personnel when they are trying to speak with him; (v) threatening to sue medical personnel; (vi) ordering his doctor and nurse out of the room; (vii) refusing to remain on the floor when connected to an IV pump and going outside to smoke; (viii) attempting to get food from the cafeteria after being ordered to not eat by mouth; (ix) loudly criticizing medical staff; (x) refusing to permit his nurse to discontinue his IV pump; (xi) yelling at medical personnel; and (xii) closing the door to his room and refusing to allow medical personnel in; and (2) preventing Defendant from remaining on Plaintiff's premises if Defendant: (i) has been discharged; (ii) has refused the care that can be provided to him; or (iii) engages in prohibited conduct. Plaintiffs' request for injunctive relief is brought under state law, pertaining to the operation, security, and orderly procedures of the hospital. On its face, the Complaint does not invoke a federal question. *See Hunter v. Philip Morris USA*, 582

5

F.3d at 1042.

Defendant asserts that there is federal question jurisdiction because this action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Defendant argues that whether Defendant has a psychological disability within the meaning of the ADA is central to this case, and that Plaintiff's desired injunctive relief violates the ADA.

Here, the ADA does not create the cause of action. Rather, the ADA is a potential defense and/or counterclaim Defendant asserts in opposition to Plaintiff's claim. "The mere existence of a federal defense to a state law claim is insufficient to create federal jurisdiction over a case." *U.S. v. Arcata*, 629 F.3d 986, 990 (9th Cir. 2010). In addition, a counterclaim involving federal law does not provide a basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830, 122 S.Ct. 1889, 1894 (2002). This is not a case where the Plaintiff has omitted necessary federal questions essential to his or her claim, necessitating the invocation of the artful pleading doctrine. Federal question jurisdiction over this case is lacking.

B. <u>Related Case</u>

Defendant concedes that under normal circumstances, Plaintiff's claim for injunctive relief against Defendant would "likely be reasonable and properly heard before the Fresno

Superior Court." Doc. 14, 2. However, Defendant argues that the case should not be remanded to state court because Plaintiff and Defendant have been in litigation for over three years in a related federal district court case, *Tater-Alexander v. Community Regional Medical Center*, Case No. 1:08-cv-372-OWW-SKO ("Tater-Alexander Case"). Defendant asserts that this case should be joined under Federal Rule of Civil Procedure 18.

A federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is constitutional only if the federal and state claims (1) form one constitutional "case" and (2) "derive from a common nucleus of operative facts." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130 (1966)). Supplemental jurisdiction, however, does not provide a basis for removal to federal court. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34, 123 S.Ct. 366 (2002) ("Ancillary jurisdiction ... cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441").

Here, the federal Tater-Alexander Case and this case share some common facts. The Plaintiff's Request for Judicial Notice of

7

Pleadings includes pleadings filed in the Tater-Alexander Case: The Declaration of Thomas Mansfield, M.D., in support of his motion for summary judgment (Doc. 1-3, 15-41); The Declaration of Corporal Lonnie Amerjan, in support of his motion for summary judgment (*Id.* at 42-46); and Response of Defendants Fresno Community Hospital and Medical Center and Marilyn Jo Greene, R.N. to Plaintiff's MIL No. 3 to Preclude Evidence of Settlement Discussions (*Id.* at 47-55). However, supplemental jurisdiction does not provide a basis for removal under 28 U.S.C. § 1441. *Syngenta*, 537 U.S. at 34. Although this case is partially related to the Tater-Alexander Case by reason of the underlying issues raised about Defendant's interaction with the hospital and its staff, supplemental jurisdiction cannot be exercised under 28 U.S.C. § 1441.

## V.   CONCLUSION

For the reasons stated above:

1. Plaintiff's motion to remand is GRANTED.
2. Pursuant to both parties' stipulations during the April 7, 2011 hearing, neither party shall introduce any evidence, finding, or decision from this remanded state court case into the federal Tater-Alexander Case.
3. Plaintiff shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

DATED: April 11, 2011

                                          /s/ Oliver W. Wanger
                                            Oliver W. Wanger
                                    United States District Judge